UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Malcolm and Tim McGough, as Trustees of the Carpenters and Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and Twin City Carpenters Vacation Fund; and each of their successors, | Civil No. 06-3211 (PAM/JSM) |
| Plaintiffs, | |
| v. | **ORDER** |
| Construction Concepts of Austin, Inc. and Jerry Fuerstenberg, individually, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Entry of Default. For the reasons that follow, the Court grants the Motion.

Plaintiffs filed a Summons and Complaint in this matter on August 3, 2006, and an Amended Complaint on August 18, 2006. The service of the Summons and Amended Complaint was accomplished on Defendants on August 21, 2006. Defendants have not filed or served a response or answer to the Amended Complaint.

Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide pension, health and welfare vacation benefits, and training to employees doing carpentry work in the construction trades, and are maintained for the benefit

of workers pursuant to a Collective Bargaining Agreement ("CBA"). All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the trustees.

Defendants were bound to the terms of a CBA between the Lakes and Plains Regional Council of Carpenters and Joiners, the Carpentry Contractors Association, and the Minnesota Drywall and Plaster Association. The CBA obligates Defendants to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' agent on or before the fifteenth day of the month following the month for which the contribution is being made. The CBA further obligates Defendants to allow Plaintiffs to audit an employer's payroll records and related documentation to determine compliance with the reporting and payment obligations. The CBA and trust agreements provide that an employer is liable for an additional ten percent of all contributions that are not timely submitted for liquidated damages, and also provide that Plaintiffs are entitled to attorneys' fees and costs incurred in recovering amounts owed.

Defendants initially failed to produce a complete set of payroll and employment records for the period of July 2004 through the present. However, after the Amended Complaint was filed, Defendants produced a complete set of payroll records for July 2004 through June 2006. In addition, Defendants initially failed to timely submit fringe fund reports and contributions for the months of June, July, August, and September 2006. After the filing of the Amended Complaint, however, Defendants submitted the reports and

contributions for the months of June and July 2006. The amount due for fringe benefit contributions for the month of June 2006 was $14,624.12. The amount due for fringe benefit contributions for the month of July 2006 was $10,914.48. Because these amounts were untimely, Defendants owe liquidated damages in the amount of $2,553.86 for the months of June and July 2006. To date, Defendants have failed to submit the fringe fund reports and contributions for the months of August and September 2006.

The Court finds that Defendants are in default, and Plaintiffs are entitled to an entry of default. See Fed. R. Civ. P. 55. Although Defendants have produced a complete set of records as requested by Plaintiffs to allow Plaintiffs to audit the period of July 2004 through June 2006, Defendants have not provided the August and September 2006 fringe fund reports or contributions. Defendants are liable for all liquidated damages, including for the months of June and July 2006, and for all delinquent fringe benefit contributions discovered to be due per the audit and per the outstanding fringe fund reports, and are further liable for Plaintiffs' attorneys' fees and costs. Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Entry of Default (Docket No. 5) is **GRANTED**;
2. Defendants must file the reports for the months of August and September 2006, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, correctly identifying hours worked pursuant to the CBA within ten days of service of this Order upon them;

3. Defendants must pay to the Plaintiffs the fringe benefit contributions of all of the hours discovered by the audit and per the fringe fund reports, pursuant to the Court's Order, plus liquidated damages in the amount of ten percent of the delinquent contributions, including the months of June and July 2006; and

4. Upon completion of the audit for the period of July 2004 through June 2006, and upon filing of the outstanding reports for the months of August and September 2006, if Defendants fail to make payments required by this Order, Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs, as shown by affidavit filed with the Court.

Dated: October 18, 2006

                                              S/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge